UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
RICARDO CRUZ,
:
          Plaintiff,                             15 Civ. 1463 (AJP)
:
     -against-                       **OPINION AND ORDER**
:
CAROLYN W. COLVIN, Commissioner of
Social Security,                      :

          Defendant.              :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**ANDREW J. PECK, United States Magistrate Judge:**

        Plaintiff Ricardo Cruz, represented by counsel, brings this action pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), challenging the final decision of the Commissioner of Social Security (the "Commissioner") denying him Supplemental Security Income ("SSI") benefits. (Dkt. No. 1: Compl.) Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). (Dkt. Nos. 13 & 15: Notices of Motion.) The parties have consented to decision of the case by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Dkt. No. 6: Consent Form.)

        This case comes before the Court after being remanded on February 21, 2014 to the Commissioner for further proceedings, including consultation with a vocational expert and explaining in more detail the basis for finding that Cruz's testimony was not credible. Cruz v. Colvin, 12 Civ. 7346, 2013 WL 3333040 at *16, *18-20 (S.D.N.Y. July 2, 2013), report & rec. adopted, 2014 WL 774966 (S.D.N.Y. Feb. 21, 2014). After the ALJ again entered a finding of no disability, Cruz filed this lawsuit on February 27, 2015. (Compl.) Because the ALJ did not comply with the Court's order on remand, the Commissioner's motion for judgment on the pleadings is

DENIED and Cruz's motion for judgment on the pleadings is GRANTED to the extent of remanding the case to the Commissioner. The Court orders that subsequent proceedings be completed within 120 days, orders a calculation of benefits be made if this deadline is not met, and directs the Commissioner to assign the case to a different ALJ.

## FACTS

What follows is a brief recitation of the facts of this case. A more detailed account of the medical evidence can be found in the previous Report & Recommendation. Cruz v. Colvin, 12 Civ. 7346, 2013 WL 3333040 at *1-8 (S.D.N.Y. July 2, 2013), report & rec. adopted, 2014 WL 774966 (S.D.N.Y. Feb. 21, 2014).

**Non-Medical Evidence From The ALJ Hearing On Remand**

On July 17, 2014, ALJ Hornblass held a hearing on remand, at which Cruz was represented by counsel. (R. 501-44.) Cruz reported that he stopped receiving psychiatric treatment in 2010 after starting treatment in November 2009. (R. 514-15.) Cruz ceased treatment due to the inconvenience of traveling and the overwhelming nature of the crowds at the office. (R. 515.) Cruz stopped taking Zoloft two or three years ago as he felt he was becoming dependent on it. (R. 515.) Cruz does not have friends or acquaintances outside of his family, has no interest in being around people, and feels claustrophobic in crowds as he feels overprotective of his stomach. (R. 506-07, 520, 537, 539-41.) Cruz needs assistance getting in and out of the shower and wears slip-on shoes as he cannot bend over to put his shoes on. (R. 535, 539.) He can only sit for twenty to thirty minutes at a time and can only walk for one block without needing to rest. (R. 525-27.) Cruz felt that his condition has only gotten worse since the original ALJ hearing. (R. 512-13.) The ALJ did not call a vocational expert to testify at the hearing. (See R. 501-44.)

**Medical Evidence From The Remand**

In March 2014, Cruz began seeing physician Dr. Lazar Feygin. Dr. Feygin's initial exam showed tenderness in the neck and lumbar paraspinal muscles. (R. 827-29.) Dr. Feygin diagnosed Cruz with chronic neck pain, chronic persistent low back pain, hypertension, right shoulder pain, and asthma, and prescribed pain medication and muscle relaxants. (R. 829.)

On March 13, 2014, Cruz received an MRI on the cervical spine and an MRI on the lumbar spine, which were reviewed by Dr. Feygin. (R. 842.) The MRI of the cervical spine showed severe straightening of the cervical lorodis and disc herniation at three different locations. (R. 842.) The MRI of the lumbar spine showed severe straightening of the normal lumbar lordosis, disc dehydration, a disc bulge, and mild to moderate bilateral foraminal narrowing. (R. 844.) Dr. Feygin prescribed Cruz additional pain medication and a fluid retention diuretic. (R. 831.)

Exams on April 18, May 16, June 13, and June 20, 2014 showed similar levels of neck and back pain, tenderness, and decreased range of motion on bending. (R. 832-41.) On June 20, Dr. Feygin prescribed Bentyl, which relieves muscle spasms in the stomach and intestines. (R. 837.)

**ALJ Hornblass' Second Decision**

On November 5, 2014, ALJ Hornblass issued a second opinion in which he again found Cruz not disabled. (R. 461-75.) ALJ Hornblass applied the five step legal analysis as follows: First, he found that Cruz has not engaged in substantial activity since the application date of August 4, 2009. (R. 466.) Second, ALJ Hornblass determined that Cruz has various severe impairments, but third, Cruz does not have an impairment or combination of impairments that meets one of the listed impairments in the Regulations. (R. 466-67.)

At this stage, ALJ Hornblass concluded that Cruz has the residual functional capacity

to perform a full range of sedentary, unskilled work in a low stress work environment. (R. 468-69.) Regarding Cruz' credibility, ALJ Hornblass stated that Cruz's "statements concerning the intensity, persistence and limiting effects of [Cruz's] symptoms are not entirely credible for reasons explained in this decision," but he did not elaborate further. (R. 469.) Fourth, the ALJ concluded that Cruz has no past relevant work that qualified as a substantial gainful activity. (R. 474.) At step five, ALJ Hornblass concluded that "[b]ased on a residual functional capacity for the full range of sedentary work, considering the claimant's age, education, and work experience, a finding of 'not disabled' is directed by Medical-Vocational Rule 201.27." (R. 474.)

## ANALYSIS

I. **THE ALJ ERRED IN TREATING THE GRID AS DISPOSITIVE WHEN THERE WAS SUBSTANTIAL EVIDENCE THAT CRUZ HAD NONEXERTIONAL LIMITATIONS**

As this Court stated in its prior decision, where the claimant's nonexertional limitations "'significantly limit the range of work permitted by his exertional limitations' the ALJ is required to consult with a vocational expert." Zabala v. Astrue, 595 F.3d 402, 410 (2d Cir. 2010) (quoting Bapp v. Bowen, 802 F.2d 601, 605 (2d Cir. 1986)); see also, e.g., Selian v. Astrue, 708 F.3d 409, 421 (2d Cir. 2013) ("We have explained that the ALJ cannot rely on the Grids if a non-exertional impairment has any more than a 'negligible' impact on a claimant's ability to perform the full range of work, and instead must obtain the testimony of a vocational expert."); Rosa v. Callahan, 168 F.3d 72, 82 (2d Cir. 1999) ("Where significant nonexertional impairments are present at the fifth step in the disability analysis, however, 'application of the grids is inappropriate.' Instead, the Commissioner 'must introduce the testimony of a vocational expert (or other similar evidence) that jobs exist in the economy which claimant can obtain and perform.'" (quoting & citing Bapp)); Suarez v. Comm'r of Soc. Sec., No. 09-CV-338, 2010 WL 3322536 at *9 (E.D.N.Y. Aug. 20, 2010)

("If a claimant has nonexertional limitations that 'significantly limit the range of work permitted by his exertional limitations,' the ALJ is required to consult with a vocational expert." (quoting Zabala)).

In his first decision on November 30, 2010, ALJ Hornblass treated the Medical-Vocational Rules as dispositive rather than consulting with a vocational expert. (R. 18.) Because Cruz had significant nonexertional limitations, the Court remanded the case and instructed the ALJ to consult a vocational expert. Cruz v. Colvin, 12 Civ. 7346, 2013 WL 3333040 at *20 (S.D.N.Y. July 2, 2013), report & rec. adopted, 2014 WL 774966 (S.D.N.Y. Feb. 21, 2014). In his November 5, 2014 decision, ALJ Hornblass again treated the Medical-Vocational Rules as dispositive and ignored this Court's order to consult with a vocational expert. (R. 474.) The ALJ made a conclusory statement virtually identical to the one made in his first decision:

> Based on a residual functional capacity for the full range of sedentary work, considering the claimant's age, education, and work experience, a finding of "not disabled" is directed by Medical-Vocational Rule 201.27.

(R. 474; accord R. 18, identical language but citing Rule 201.28.) The Commissioner has offered no explanation for the ALJ's failure to comply with the requirement that he consult with a vocational expert. Further, neither the Commissioner nor the ALJ explained why they believe that Cruz's nonexertional limitations have only a negligible effect on his exertional limitations. Both merely made conclusory statements regarding Cruz's nonexertional limitations. (R. 474; see Dkt. No. 16: Comm'r Br. at 26.)

The ALJ did not comply with the Court's order to consult a vocational expert, nor did the ALJ or Commissioner show that Cruz's nonexertional limitations are negligible, making a vocational expert unnecessary. Therefore, this Court must again remand the case and direct the ALJ to consult with a vocational expert.

## II. THE ALJ ALSO ERRED IN FAILING TO PROPERLY ANALYZE CRUZ'S CREDIBILITY

ALJ Hornblass' original November 30, 2010 decision correctly stated the standard for analyzing a claimant's credibility pursuant to Social Security Regulation 96-7p, but failed to properly apply it to Cruz's testimony.  (R. 16.)  This Court ordered the ALJ on remand to properly apply the two-step credibility analysis and explain why Cruz's testimony is not credible based on the objective record evidence.  Cruz v. Colvin, 12 Civ. 7346, 2013 WL 3333040 at *16 (S.D.N.Y. July 2, 2013), report & rec. adopted, 2014 WL 774966 (S.D.N.Y. Feb. 21, 2014).  On remand, ALJ Hornblass accurately explained the two-step analysis, but failed to properly apply it to Cruz.  (R. 469.)  The ALJ reasserted that Cruz's testimony was "not entirely credible for the reasons explained in this decision," yet he offered no explanation as to why Cruz's testimony was not consistent with the entire case record.  (Id.)  ALJ Hornblass again summarized the evidence in the record, but failed to point out which pieces of evidence caused him to doubt Cruz's credibility.  (R. 469-74.)  On remand, the ALJ is ordered to identify which portions of the record are inconsistent with Cruz's testimony.

## III. THE COMMISSIONER IS DIRECTED TO COMPLETE SUBSEQUENT PROCEEDINGS WITHIN 120 DAYS AND ASSIGN THE CASE TO A NEW ALJ

The Court orders the Commissioner to complete all subsequent proceedings within 120 days of this Opinion.  Time limits for subsequent proceedings are appropriate when there has been undue delay.  See, e.g., Michaels v. Colvin, No. 14-2506, --- F. App'x ----, 2015 WL 4772408 at *4 (2d Cir. Aug. 14, 2015) (imposing a time limit of 120 days for subsequent proceedings when delay was due to both inaction and the ALJ's failure to follow regulations requiring testimony of a vocational expert); Butts v. Barnhart, 416 F.3d 101, 105-06 (2d Cir. 2005); Duran v. Astrue, 93 Civ. 7021, 2011 WL 253185 at *7 (S.D.N.Y. Jan. 20, 2011) (imposing a time limit of 120 days for

subsequent proceedings); Dambrowski v. Astrue, 590 F. Supp. 2d 579, 588 (S.D.N.Y 2008) (imposing a time limit of 120 days for subsequent proceedings when it had been five years since plaintiff filed his initial application).

The Second Circuit has held that "'[i]n cases involving an ALJ's failure to call a vocational expert, district courts that select remand as a remedy should consider imposing a time limit on subsequent proceedings.'"  Butts v. Barnhart, 416 F.3d at 105 (quoting Butts v. Barnhart, 388 F.3d 377, 387 (2d Cir. 2004)).  The Court finds that a time limit is imperative here given that the Social Security Administration first denied Cruz's application for SSI almost six years ago.  (R. 52.)  Furthermore, this additional delay to Cruz is unreasonable because it is largely due to ALJ error.  See Butts v. Barnhart, 416 F.3d at 105 (delay is unreasonable when it is due to ALJ's error in not consulting a vocational expert); Michaels v. Colvin, 2015 WL 4772408 at *4.  Because of the Commissioner's unreasonable delay, the Commissioner is directed to complete subsequent proceedings within 120 days of this order.

If the Commissioner does not observe this deadline, a calculation of benefits must be made for Cruz.  A remand for calculation of benefits is proper when the claimant has met their burden of showing disability and the Commissioner has failed to rebut that showing by demonstrating the availability of suitable jobs in the national economy.  See, e.g., Butts v. Barnhart, 416 F.3d at 105 ("If the Commissioner fails to meet her burden within the time limits, [claimant's] showing of disability will be unrebutted, benefits are statutorily authorized, and the government has waived its immunity from suit for those benefits."); see also, e.g., Michaels v. Colvin, 2015 WL 4772408 at *4 (ordering calculation of benefits if deadline is not observed because Commissioner failed to carry the step five burden); Dambrowski v. Astrue, 590 F. Supp. 2d at 588 (ordering calculation of benefits if deadline is not observed because Commissioner  failed to carry the step

five burden).  The Court grants the Commissioner a third chance to carry her step five burden by consulting with a vocational expert, but if the proceedings are not completed within the 120 day limit, a calculation of benefits must be made.

The Court also orders the Commissioner to assign the case to a different ALJ on remand.  Remand to a new ALJ is appropriate when there is a clear indication that the ALJ will not apply the appropriate legal standard on remand.  Lebron v. Colvin, 13 Civ. 9140, 2015 WL 1223868 at *24 (S.D.N.Y. Mar. 16, 2015) ("Where, however, there is a clear indication that the ALJ will not apply the appropriate legal standard on remand, it may be appropriate to direct that the case be reassigned on remand.").  Because ALJ Hornblass has already ignored the Court's order to consult a vocational expert, there is a clear indication that he will not follow this legal requirement on a second remand.  Therefore, the Commissioner is instructed to assign the case to a new ALJ on remand.

## CONCLUSION

For the reasons discussed above, the Commissioner's motion for judgment on the pleadings (Dkt. No. 15) is DENIED and Cruz's motion for judgment on the pleadings (Dkt. No. 13) is GRANTED to the extent of remanding the case to the Commissioner for further proceedings consistent with this Opinion.

SO ORDERED.

Dated:    New York, New York
          October 6, 2015

_____
**Andrew J. Peck**
United States Magistrate Judge

Copies **by ECF** to:  All Counsel